**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS ALLIED TRADES DISTRICT COUNCIL LOCAL NO. 15, etc., <br><br> Petitioner, <br><br> vs. <br><br> DIVERSIFIED FLOORING SPECIALIST, INC., <br><br> Respondent. | Case No. 2:06-cv-00358-RLH-PAL <br><br> **REPORT OF** <br><br> **FINDINGS AND RECOMMENDATION** <br><br> (M/Compel - #12) |

This matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 on petitioner International Union of Painters Allied Trades District Council Local No. 15's ("Union") Motion to Compel Arbitration (#12), filed December 8, 2006. The motion is supported by the Declaration of Jack Mallory (#13), also filed December 8, 2006. The respondent filed an Opposition (#15) on December 20, 2006. The suit was initiated by a Petition to Compel Arbitration (#1) filed March 23, 2006. A Response (#9) was filed August 7, 2006. The court has considered the pleadings and papers on file and the arguments of counsel at a hearing conducted January 16, 2007. The petitioner was represented by Kristina Hillman, and the respondent was represented by Becky Pintar. During oral argument, petitioner's counsel clarified that the only relief petitioner seeks in this case is a court order compelling arbitration which, if granted, would be case dispositive. Because the motion to compel arbitration seeks case dispositive relief, the undersigned will issue a report of findings and recommendation to the district judge.

///

///

# BACKGROUND

This is an action by the Union to compel the defendant, Diversified Flooring Specialist, Inc. ("Diversified"), who employs the Union's members, to arbitrate a grievance concerning Diversified's alleged failure to pay proper wages and fringe benefits to workers on a remodeling project known as Buffalo Bill's Hotel and Casino at the wage rate required by the Parties' Collective Bargaining Agreement ("CBA") effective from February 1, 2004 through January 31, 2007. The Union claims that since October 2004, it has made repeated attempts to submit the dispute for arbitration as required under the CBA in numerous phone conversations, written correspondence, in person meetings, and requests submitted by counsel for the Union to counsel for Diversified. However, Diversified Flooring refuses to arbitrate the parties' dispute. As a result, on March 23, 2006, the Union filed a petition to compel arbitration with this court.

In the current motion, the Union argues that federal law controls the enforcement of collective bargaining agreements, and that arbitration must be ordered unless the arbitration clause in the parties' CBA excludes the parties' dispute. The Union and Diversified are parties to a CBA which governs disputes over rates of pay and benefits to workers. Article 22 of the CBA entitled "Grievance Arbitration" created a Flooring Joint Committee ("Joint Committee") to resolve disputes and grievances. The Union asserts that the parties' dispute arose in October 2004 when, the Union claims, Diversified Flooring failed to pay proper wages and fringe benefits to workers. The Labor and Management Committee was authorized to create the Joint Committee, but it did not begin to function until April 13, 2006, a year and a half after the parties' current dispute arose. The Union points out that Diversified's response to the petition to compel arbitration admits that all disputes must be submitted to arbitration. (Response to Petition, ¶ 7.) However, Diversified has refused to arbitrate because the Union did not submit the parties' dispute to the Joint Committee. Article 22 of the CBA provides that if a decision cannot be reached by the Joint Committee, or if the Joint Committee fails to make a decision, the grievance must be submitted to binding arbitration. The Union's position is that binding arbitration is required because the Joint Committee was not formed at the time the parties' dispute arose. The Union's failure to submit the parties' grievance to the Joint Committee, it is argued, is a procedural issue arising out of the parties' dispute which must be decided by the arbitrator rather than

the court. The Union seeks attorney's fees for the necessity of filing the petition and motion to compel arbitration, asserting Diversified's refusal to arbitrate is unjustified, frivolously based, or in bad faith.

Diversified opposes the motion to compel arbitration, claiming that the Union has not filed a pleading, charge, or other complaint related to any wage claims. Diversified acknowledges that in October 2004, a dispute arose between it and the Union regarding funds owed to a trust fund, but contends the parties entered into a settlement agreement that satisfied all of the Union's claims. Diversified argues that the provisions of Article 22 of the parties' CBA are mandatory, and require that all charges of contract violation shall be filed with the Joint Committee, which is required to conduct a hearing on the charges, and that only if the Joint Committee cannot reach a decision is arbitration mandated. Diversified contends that the Union has failed to satisfy conditions precedent to arbitration contained in the CBA and the court should, therefore, deny the motion to compel arbitration. Acknowledging that arbitration clauses are generally enforceable, that there is a strong presumption in favor of arbitration, and that all doubts should be resolved in favor of arbitrability, Diversified contends that the plain language of Article 22's grievance procedure overcomes that strong presumption by requiring an aggrieved party to follow a multi-step procedure for filing a grievance prior to seeking arbitration. Because the Union has: (1) failed to file contract charges with the Secretary of the Joint Committee; (2) failed to provide respondent with a copy of the charges submitted to the Joint Committee; (3) the Joint Committee has not conducted a hearing; and (4) the Joint Committee has not failed to reach a decision, Diversified argues the Union cannot demand or compel arbitration. Diversified contends that since the Union has failed to fulfill these conditions precedent, the court, rather than an arbitrator, must decide the issue of arbitrability. Finally, Diversified argues the Union is not entitled to attorney's fees because the Union's failure to comply with the conditions precedent to arbitration in the CBA renders Article 22's arbitration clause inapplicable.

## DISCUSSION

### I.     Magistrate Judge Jurisdiction

A district court's decision to grant a petition to compel arbitration under a collective bargaining agreement is a final decision under 28 U.S.C. § 1291 (1976). <u>Goodall-Sanford, Inc., v. United Textile Workers</u>, 353 U.S. 550, 551-52 (1957). There, the Supreme Court held that when granting a petition to

enforce an arbitration clause is the full relief sought, the grant of a petition to compel arbitration is a final decision under 28 U.S.C. § 1291 and, therefore, appealable. LR IB 1-3 provides that "a magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." Because granting the motion to compel is the full relief sought by the petitioner in both the petition and motion to compel and is a final decision which is appealable under 28 U.S.C. § 1291, the undersigned submits this report of findings and recommendation to the district judge pursuant to LR IB 1-4.

## II.     Motion to Compel Arbitration

This is an action by a union pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to compel arbitration under a collective bargaining agreement. Diversified admits that the court has jurisdiction (Response to Petition, #9, ¶ 1) and that petitioner and respondent are parties to a written collective bargaining agreement. (Id., ¶ 9.) Respondent also admits that the parties' collective bargaining agreement "provides for a grievance procedure wherein parties are bound to submit all disputes to an arbitrator, empowered to make final and binding decisions." (Id., ¶ 7.) Respondent does not dispute that the Union's wage claims are covered by the arbitration clause. Rather, respondent contends that the demand for arbitration is not proper under Article 22, ¶ 6(e) because any grievance or dispute must be heard first by the Joint Committee, and arbitration is only proper if the decision cannot be reached by the Joint Committee. (Id., ¶ 8.) "Therefore, arbitration is invalid at this time." (Id.)

When a party to a collective bargaining agreement files a petition to compel arbitration, the court must first decide whether the parties agreed to arbitrate the dispute. Local Union No. 370 of the International Union of Operating Engineers v. Morrison-Knudsen Co., Inc., 786 F.2d 1356, 1357 (9th Cir. 1986). Here, both sides agree that the parties are bound by a collective bargaining agreement which contains a grievance and arbitration provision which applies to all charges of contract violation. It is undisputed that the Union's claim is that Diversified Flooring failed to comply with the collective bargaining agreement because it failed to pay proper wages and fringe benefits to workers at the wage rate required by the CBA. When a court determines that a collective bargaining agreement is in existence and that it provides for arbitration of a dispute, all remaining issues, including any procedural defenses, must be submitted to the arbitrator. International Union of Operating Engineers v. Flair

1   Builders, Inc., 406 U.S. 487, 491-92 (1972).  In labor contracts with arbitration clauses, the
2   presumption of arbitrability is very strong.  Dennis L. Christensen Gen'l Bldg. Contractor v. S. Cal.
3   Conf. of Carpenters, 952 F.2d 1073, 1076 (9th Cir. 1991).  Doubts should be resolved in favor of
4   arbitrability.  United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574,
5   582-83 (1960).

6         Diversified does not dispute that the Union's wage claims are arbitrable under the CBA.  Rather,
7   it argues that the Union may not demand arbitration because it has failed to comply with the contractual
8   grievance procedures contained in Article 22 of the CBA to first submit the matter to the Joint
9   Committee.  However, the Supreme Court has plainly held that a claim arbitration is barred because a
10  party has not complied with a multi-step grievance procedure is a procedural question which should be
11  resolved by the arbitrator.  John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964).  In John
12  Wiley & Sons, the Supreme Court rejected an employer's argument that the court, rather than the
13  arbitrator, should decide whether procedural conditions to arbitration have been met.  The court
14  reasoned that questions concerning the procedural prerequisites to arbitration do not arise in a vacuum,
15  but in the context of an actual dispute.  Therefore,

> [d]oubt whether grievance procedures or some part of them apply to a
> particular dispute, whether such procedures have been followed or
> excused, or whether the unexcused failure to follow them avoids the duty
> to arbitrate cannot ordinarily be answered without consideration of the
> merits of the dispute which is presented for arbitration.

21  Id.  As a result, the Supreme Court held that "[o]nce it is determined . . . that the parties are obligated to
22  submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the
23  dispute and bear on its final disposition should be left to the arbitrator."  Id.

24        Recognizing the holding in John Wiley & Sons, the Ninth Circuit has declined to resolve the
25  merits of a party's procedural defenses to arbitrability flatly stating, "[o]ur inquiry ends upon
26  determining that the dispute is subject to arbitration."  International Union of Operating Engineers v.
27  Morrison-Knudsen Company, Inc., 786 F.2d 1356, 1358 (9th Cir. 1986).  In Hospital and Institutional
28  Workers Union Local 250, SEIU, AFL-CIO v. Marshal Hale Memorial Hospital, 647 F.2d 38, 41 (9th

1  Cir. 1981), the Ninth Circuit was asked to decide whether the union lost its right to demand arbitration
2  by failing to comply with a collective bargaining agreement's grievance procedure.  Relying on the
3  Supreme Court's holding in John Wiley & Sons, the Ninth Circuit concluded that this was a procedural
4  question which should be resolved by the arbitrator.  Other procedural questions or defenses which
5  must be resolved by the arbitrator include whether a grievance was timely filed, Retail Delivery Drivers
6  v. Servomation, 717 F.2d 475, 477 (9th Cir. 1983), defenses of collateral estoppel, laches and equitable
7  estoppel, Flair, 406 U.S. at 490-92, and the defense of repudiation, Auto Marine & Speciality Painters
8  v. Bay Area Sealers, Inc., 577 F.2d 609, 610 (9th Cir. 1978).

9        The parties agree that they are bound by a collective bargaining agreement which requires that
10  all charges of contract violation are governed by a grievance and arbitration provision.  Diversified
11  argues that because the dispute was not submitted to the Joint Committee, which did not exist at the
12  time of the parties' dispute, the Union's demand for arbitration is "invalid" at this time.  The court finds
13  that this is a procedural defense which controlling case law clearly requires the arbitrator to resolve.
14  Similarly, Diversified's claims that the Union has not filed an appropriate pleading, charge, or
15  complaint, and that no individual employee has made a claim for unpaid wages or assigned any wage
16  claim to the Union are procedural defenses that must be resolved by the arbitrator.

17        Diversified's reliance on Standard Concrete Products, Inc. v. General Truck Drivers, Office,
18  Food and Warehouse Union, Local 952, 353 F.3d 668 (9th Cir. 2003) in support of its argument is
19  misplaced.  Counsel for Diversified correctly cites the case for the propositions that arbitration clauses
20  are generally enforceable, that arbitration clauses in labor contracts have a strong presumption of
21  arbitrability, and that doubts should be resolved in favor of arbitration.  However, Standard Concrete
22  does not stand for the proposition urged by counsel for Diversified that "the plain language of the
23  grievance procedure overcomes the strong presumption in favor of arbitrating labor disputes." (Opp. at
24  4:1-2.)  In Standard Concrete, the employer sued a local union, alleging it had violated its collective
25  bargaining agreement when its members honored another bargaining unit's picket lines at the
26  employer's facilities.  The local union filed a motion to dismiss the complaint, arguing that the
27  employer violated the collective bargaining agreement by failing to submit the dispute to arbitration.
28  The district judge denied the local union's motion to dismiss and held that the applicable collective

1  bargaining unit did not require the employer to arbitrate its disputes with the union.  The district court
2  found that the plain language of the arbitration clause in the collective bargaining agreement required
3  only employees, not the employer, to arbitrate their grievances.  On appeal, the union argued the district
4  court erred in holding that the collective bargaining agreement did not require the employer to arbitrate
5  its dispute with the union.  The Ninth Circuit agreed with the district judge that the plain language of
6  the grievance procedure only required employees to arbitrate their disputes, and did not require
7  employers to arbitrate.  In making this determination, the Ninth Circuit did analyze the language of the
8  parties' multi-step grievance procedure.  However, it did so only in the context of providing its rationale
9  for why the plain language of the collective bargaining grievance procedure only referred to employee-
10  initiated grievances.  The Ninth Circuit, therefore, affirmed the district court's ruling that the employer
11  was not obligated to arbitrate its dispute with the union, holding "[i]t is clear from the plain text of the
12  Orange County CBA that the grievance clause only applies to employee grievances." Id. at 675.  It did
13  not hold, as counsel for Diversified suggests, that failure to follow a multi-step grievance procedure
14  overcomes the strong presumption in favor of arbitrating labor disputes.

15        The Ninth Circuit's result in Standard Concrete is consistent with the Supreme Court's decision
16  in John Wiley & Sons in which the Supreme Court held that a court need only decide if the grievance is
17  of the type subject to a collective bargaining agreement's arbitration clause in deciding whether to
18  compel arbitration.  Diversified cites John Wiley & Sons in its Opposition (#15) for the proposition that
19  procedural questions related to the grievance process must be decided by the arbitrator only once it is
20  determined that the parties are obligated to submit the dispute to arbitration.  Diversified then argues
21  that because the Union has failed to fulfill the conditions precedent to arbitration in the CBA "the issue
22  of arbitrability must be decided by the court." (Opp. at 5:1-3.)  However, as explained infra, John
23  Wiley & Sons clearly holds that issues concerning whether grievance procedures "have been followed
24  or excused, or whether the unexcused failure to follow them voids the duty to arbitrate" are procedural
25  questions which grow out of the dispute, relate to the merits of the actual dispute, and are issues which
26  should be left to the arbitrator.  376 U.S. at 557.  In short, Diversified's reliance on Standard Concrete
27  is not only misplaced, but counsel has cited it for a proposition for which it does not stand.
28  / / /

The court finds that the parties are bound by a collective bargaining agreement which requires that the Union's claims that Diversified violated the CBA must be submitted to binding arbitration. Diversified's arguments in opposition to the petition and motion to compel are procedural defenses which controlling case law clearly require the arbitrator to resolve. The court will, therefore, recommend to the district judge that the Union's motion to compel arbitration be granted.

**III.     Attorney's Fees**

The Union seeks attorney's fees, arguing that Diversified's refusal to submit the instant dispute to arbitration is based upon frivolous arguments and amounts to bad faith. Diversified responds that its refusal to arbitrate is legally justified for the same reasons it opposes the motion to compel arbitration.

The Ninth Circuit has

> generally recognized that labor arbitration advances the goal of industrial stabilization . . .. Engaging in frivolous dilatory tactics not only denies the individual prompt redress, it threatens the goal of industrial peace. Therefore, the deterrence aspect of an award of attorneys' fees is particularly served where a party, without justification, refuses to abide by an arbitrator's award.

International Union of Petroleum & Industrial Workers v. Western Industrial Maintenance, Inc., 707 F.2d 425, 428 (9th Cir. 1983) (citation omitted). Thus, the Ninth Circuit has held "the award of fees is appropriate when a party frivolously or in bad faith refuses to submit a dispute to arbitration or appeals from an order compelling arbitration." United Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179 and 1532 v. Alpha Beta Co., 736 F.2d 1371, 1383 (9th Cir. 1984).

In the case at bar, it is uncontroverted that the Union has asserted that Diversified violated the parties' collective bargaining agreement, and has demanded arbitration of its claim Diversified failed to comply with the collective bargaining agreement. The declaration of Jack Mallory submitted in support of the motion to compel arbitration avers that the Union filed a grievance with Diversified on October 27, 2004. (Mallory Declaration, #13, ¶ 5.) Mr. Mallory avers that since October 2004, the Union has made repeated requests to Diversified to submit the dispute to arbitration via phone calls,

written correspondence, and in person meetings. (Id., ¶ 9.) Mr. Mallory met with the principal officer of Diversified, Juan Pena, on at least two occasions, one of which was on July 29, 2005 in which he renewed the Union's request to submit the grievance to arbitration. (Id.) Several letters requesting arbitration in this matter were sent by counsel for the Union to counsel for Diversified in 2005. Exhibits "B" and "C" to the Petition to Compel Arbitration (#1) are letters dated March 29, 2005 and July 29, 2005 to counsel for Diversified from counsel for the Union and Mr. Mallory, demanding arbitration of the Union's grievance. Diversified has not offered any evidence to contradict Mr. Mallory's sworn declaration. Rather, Diversified's position throughout has been that because the Union did not follow the steps of the grievance procedure to file a complaint with the Joint Committee, which did not exist, it was under no obligation to arbitrate. The court finds Diversified's arguments frivolous at best given the controlling case law. The court also finds that Diversified's refusal to arbitrate for the reasons it has articulated is the type of frivolous dilatory tactic that the Ninth Circuit has found justifies an award of attorney's fees. Diversified's conduct has delayed prompt redress of the Union's grievance and resulted in the unnecessary expenditure of costs and fees to file the petition and motion to compel. The court, therefore, finds an award of attorney's fees to the Union is justified.

Having reviewed and considered the matter,

**IT IS RECOMMENDED THAT:**

1. Petitioner International Union of Painters Allied Trades District Council Local No. 15's Motion to Compel Arbitration (#12) be GRANTED.

2. Petitioner's request for attorney's fees be GRANTED, and that respondent be assessed reasonable costs and attorney's fees petitioner incurred for the necessity of filing the petition to compel arbitration, and motion to compel arbitration.

3. Counsel for petitioner should have until **February 2, 2007** in which to file a memorandum supported by the affidavit of counsel establishing the amount of attorneys' fees and costs incurred in bringing this action and the motion to compel. The memorandum should provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the attorney(s) or staff member(s) customary fee for such work, and the experience,

reputation and ability of the attorney performing the work.  The attorney's affidavit should authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

4. Counsel for respondent should have fifteen days from service of the memorandum of costs and attorneys' fees in which to file a memorandum in response.

5. That this action be dismissed upon resolution of the amount of attorney's fees.

Dated this 19th day of January, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE